# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MARK FERRELL,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0208** (BOR Appeal No. 2055820)
              (Claim No. 2013025135)

**NORTHWEST HARDWOODS,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Mark Ferrell, by counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Northwest Hardwoods, by counsel Daniel G. Murdock, filed a timely response.

The issue on appeal is compensability of additional components in the claim. The claims administrator denied the request to add left knee pain, left pes anserine bursitis, and left knee mild osteoarthritis as compensable diagnoses in the claim on May 31, 2019. On October 9, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated February 19, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .
>
> . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Ferrell filed a workers' compensation claim for a work injury which occurred on March 20, 2013. According to his application for benefits, a strong wind blew a piece of tin into his leg and knocked him down. Initially, he was diagnosed with a left knee contusion, and the claim was held compensable on April 2, 2013. Mr. Ferrell continued to have persistent pain and recurrent effusion in the left knee. He was evaluated by Joseph Grady, M.D., on February 11, 2014. Dr. Grady concluded that Mr. Ferrell's diagnosis had not been definitively established, and diagnostic arthroscopy was recommended. An operative report from Davis Medical Center indicates that Mr. Ferrell underwent arthroscopic surgery on his left knee on March 28, 2014. The surgical exploration revealed a medial plica that was excised. There were no abnormalities involving the meniscus, femoral condyle, tibial plateau, posterior cruciate ligament, or anterior cruciate ligament of the left knee. The post-operative diagnosis was left knee medial plica pain.

An MRI of Mr. Ferrell's knee performed on June 18, 2015, revealed: 1) intact anterior cruciate and posterior cruciate ligaments; 2) stable appearance of the anterior horn of the medial meniscus with apparent truncation, but no significant interval change when compared to a prior left knee MRI from July 23, 2013; 3) resolution of the bone contusion of the lateral tibial plateau and the grade 1 medial collateral ligament sprain; and 4) a small Baker's cyst with minimal joint fluid. An arthrogram of Mr. Ferrell's hip was performed on October 30, 2015, to address pain in the medial aspect of the left knee.

Mr. Ferrell was evaluated by Karim Boukhemis, M.D., and E. Barry McDonough, M.D., with the West Virginia University Department of Orthopedics, on August 19, 2016, for his complaints of left knee pain. Physical examination of the left knee revealed no evidence of significant effusion, ecchymoses, abrasions, or lesions. There was no evidence of ligamentous laxity with Lachman, posterior drawer, or varus/valgus testing. However, there was some tenderness along the medial joint line. X-rays of the left knee revealed no evidence of significant arthritis or osseous abnormalities, deformities, or fractures. The assessment was left knee pain with minor arthritis. Dr. Boukhemis and Dr. McDonough did not feel surgical intervention was warranted, and they recommended conservative treatment in the form of physical therapy and a brace.

Mr. Ferrell was evaluated by Mohamed Fahim, M.D., at the Pain Management Center, on September 20, 2016. Physical examination of the left lower extremity revealed no objective abnormalities to light touch. Dr. Fahim's assessment was chronic left knee pain and osteoarthritis of the left knee. Dr. Fahim recommended left knee diagnostic nerve blocks and possible radiofrequency ablation. On October 21, 2016, Mr. Ferrell underwent a left knee nerve block with Dr. Fahim. However, Mr. Ferrell had limited response to the procedure and noted that his pain level reduced from 8/10 to 5/10. Dr. Fahim had said if the procedure did not reduce the pain by at least 50%, it was not worth continuing the treatment.

On March 3, 2017, Mr. Ferrell was seen by Russell Biundo, M.D., a neurosurgeon, for left knee pain. Dr. Biundo noted that Mr. Ferrell developed left knee pain, discomfort, and mild joint swelling after he was struck by a 16-foot piece of aluminum. It was noted that Mr. Ferrell reported little improvement following left knee arthroscopy, physical therapy, and pain injections. Physical examination found tenderness present over the medial joint line with slight patellofemoral crepitation. Dr. Biundo diagnosed Mr. Ferrell with left knee pain related to a degenerative meniscus and degenerative medial joint line. A whole-body bone scan was recommended to evaluate possible arthritic changes across the left knee.

A three-phase Bone Scan report dated April 4, 2017, revealed no significant abnormal tracers within Mr. Ferrell's skeleton or knees. The impression was a slight increased tracer in the left tibia. He returned to Dr. Biundo for a follow-up examination on May 23, 2017, and it was opined that the imaging findings were most consistent with degenerative joint disease of the left knee with ongoing pain and discomfort. Dr. Biundo recommended a brace for Mr. Ferrell's left knee.

Mr. Ferrell was seen by Christopher Courtney, D.O., and Justin Brewer, PA-C, on February 1, 2018, for continued left knee pain. Physical examination of the left knee revealed mild palpable tenderness over the medial femoral condyle and pes anserine tendon. Mild crepitus was noted with passive range of motion. Mr. Ferrell demonstrated full passive range of motion of the left knee. There was no evidence of patella instability or effusion. Lachman, McMurry, and Posterior Drawer tests were all negative. X-rays revealed minimal degenerative osteoarthritis of the left knee. Dr. Courtney's and Mr. Brewer's assessment was left knee osteoarthritis and pes anserine tendinitis bursitis. Mr. Ferrell later received pes anserine and intra-articular joint injections on February 1, 2018; May 30, 2018; and August 23, 2018. In a progress note from Dr. Courtney and Mr. Brewer dated November 26, 2018, it was noted that Mr. Ferrell reported relief following his injections.

On November 26, 2018, Dr. Courtney requested a diagnosis update in the claim to include left knee pain following injury, left pes anserine bursitis, and left knee osteoarthritis. In support of his request, Dr. Courtney stated:

Patient states his left knee pain has improved since starting left knee joint and pes anserine bursa type injections. He does continue to have 5-6/10 pain with most activities. He stated he has pain with walking, standing, climbing and crawling. He

states there are activities he is unable to do. Some of these include climbing, carrying heavy items, ladders, and walking on unsteady terrain.

On May 31, 2019, the claims administrator denied Dr. Courtney's request to add left knee pain, left pes anserine bursitis, and left knee osteoarthritis as compensable diagnoses in the claim. Mr. Ferrell protested the claims administrator's decision.

Mr. Ferrell continued to be treated with pes anserine tendon and intra-articular joint injections of the left knee. On November 8, 2019, Dr. Courtney submitted a letter noting that he has been treating Mr. Ferrell for ongoing left knee pain since November 1, 2017. The letter listed Mr. Ferrell's diagnoses as left knee osteoarthritis and pes anserine bursitis tendinitis, and his treatment consisted of injections every three to four months. Additionally, Dr. Courtney stated:

The patient has a remote injury history of a work-related injury which occurred around 2013. The patient continued to complain of medial left knee joint pain and pes anserine knee joint pain. He relates an injury to this area in 2013 as the cause and effect of his ongoing problem. The patient has gotten sufficient relief with injection management. The patient continues to complain of daily pain despite conservative treatments. He states he has pain with walking, standing, climbing and doing other work related activities.

Our recommendation is that he continue to follow-up for injection management as this is helping him with his daily activities. The patient states that without these injections he is unable to continue his standard work duties. He states that he has been able to continue working despite this previous injury. His ongoing diagnosis with us once again is pes anserine tendinitis/bursitis and left knee osteoarthritis.

An Independent Medical Evaluation report from ChuanFang Jin, M.D., dated January 9, 2020, detailed Mr. Ferrell's medical history. Physical examination of the left knee revealed significant palpable tenderness over the medial joint line. Range of motion of the left knee was fairly normal. There was no crepitus on passive range of motion and no evidence of ligament laxity or joint effusion. There was no evidence of varus or valgus deformity. Dr. Jin found Mr. Ferrell to be at maximum medical improvement regarding his compensable left knee contusion of March 20, 2013. Dr. Jin noted that the bone contusion had resolved according to the most recent imaging evidence. Dr. Jin further opined that the evidence of degenerative disease in the left knee was not related to the compensable injury of March 20, 2013. Regarding the diagnosis of left knee pain, Dr. Jin noted that pain is a symptom and the left knee pain is not causally related to the compensable injury and was most likely due to degenerative arthrosis of the left knee. Dr. Jin also addressed the diagnosis of left pes anserine bursitis and noted that the diagnosis was not made until more than four years after the reported injury. From a temporal standpoint, Dr. Jin opined that the diagnosis of left pes anserine bursitis was not causally related to the compensable injury but was most likely related to a chronic pathology of degenerative arthrosis of the left knee. Finally, Dr. Jin opined that Mr. Ferrell's left knee osteoarthritis should not have been caused by his compensable injury of March 20, 2013. She concluded that no causal relationship had been established regarding the compensable injury and the diagnosis of left knee osteoarthritis. Dr. Jin

stated that Mr. Ferrell's left knee osteoarthritis is a preexisting condition and is not caused or causally related to the injury in the claim.

In a Final Decision dated October 9, 2020, the Office of Judges concluded that Mr. Ferrell has failed to show by a preponderance of evidence that the requested diagnoses should be added as compensable conditions in the claim. The Office of Judges also denied the addition of left knee pain as a diagnosis because pain is a symptom, not a diagnosis. Additionally, it was found that Dr. Jin opined that Mr. Ferrell's current symptoms are due to nonoccupational left knee degenerative arthritis as opposed to the compensable left knee contusion of March 20, 2013.

The Office of Judges determined that the weight of the medical evidence in the claim does not support the addition of left pes anserine bursitis as a compensable diagnosis in the claim because there is no medical evidence to corroborate Dr. Courtney's medical diagnosis of the condition. Even if the diagnosis of pes anserine bursitis is accurate, the Office of Judges found that Mr. Ferrell has failed to show by a preponderance of the evidence that the diagnosis is causally related to the compensable injury of March 20, 2013. In fact, Dr. Jin specifically opined that the diagnosis of pes anserine bursitis is most likely related to nonoccupational degenerative arthritis of Mr. Ferrell's left knee as opposed to the compensable injury.

Finally, the Office of Judges found that the medical evidence does not establish that Mr. Ferrell's left knee osteoarthritis is causally related to the compensable injury of March 30, 2013. Although Dr. Courtney requested that left knee osteoarthritis be added as a compensable diagnosis in the claim, the Office of Judges found that Mr. Ferrell has offered no medical evidence to support a causal connection between the diagnosis and the compensable injury. It was noted that none of the other physicians in the record opined that Mr. Ferrell's left knee osteoarthritis is causally related to the compensable left knee contusion of March 30, 2013. Accordingly, the Office of Judges affirmed the claims administrator's Order of May 31, 2019. By Order dated February 19, 2021, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

On appeal, Mr. Ferrell argues that he has complained of left knee pain since his work-related injury on March 30, 2013, and there is no evidence of record that he had been diagnosed and/or treated for either left pes anserine bursitis or mild osteoarthritis prior to the date of injury. Dr. Courtney, his treating physician, completed a diagnosis update and opined that the conditions should be added to the claim because it is more likely than not that the traumatic work-related injury is the cause of Mr. Ferrell's pes anserine bursitis and osteoarthritis. The Office of Judges rejected Mr. Ferrell's arguments and stated that his current symptoms are most likely due to nonoccupational left knee degenerative arthritis, as opposed to the compensable left knee contusion of March 20, 2013. In syllabus point 3 of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), this Court created a general rule that:

> [a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the

5

aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

Syllabus Point 5 of *Moore v. ICG Tygart Valley, LLC*, ___ W. Va. ___, 879 S.E.2d 779 (W. Va. 2022), states:

[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Because the evidence of record raises a possible inference of causation for Mr. Ferrell's pes anserine bursitis and osteoarthritis, the Board of Review's Order dated February 19, 2021, is reversed. This case is remanded to the Board of Review for a further review of Mr. Ferrell's request to add pes anserine bursitis and osteoarthritis to the claim under *Moore*.

Reversed and Remanded with directions.

**ISSUED: January 19, 2023**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn